DeWitt POWELL, a/k/a DeWitt Powells, Petitioner,

v.

**Joe WILLIAMS, Warden, Respondent.**

**No. CIV. 1:97–647 BB/LCS.**

United States District Court,
D. New Mexico.

Oct. 27, 1997.

DeWitt Powell, Los Lunas, NM, pro se.

Patricia A. Gandert, N.M. Attorney General's Office, Santa Fe, NM, for Defendants.

## *FINAL ORDER*

BLACK, District Judge.

**THIS MATTER** having come before the Court on the Amended Proposed Findings and Recommended Disposition of the United States Magistrate Judge, filed September 8, 1997, and also upon Petitioner's objections to the Amended Proposed Findings and Recommended Disposition, and the Court having made a *de novo* review of the Amended Proposed Findings and Recommended Disposition and those parts to which Petitioner objects;

**IT IS HEREBY ORDERED** that the Magistrate Judge's Amended Proposed Findings and Recommended Disposition, filed September 8, 1997, is adopted by the Court;

**IN ADDITION, THE COURT MAKES FURTHER FINDINGS** that equitable considerations are not implicated in this case to excuse Petitioner's untimeliness, when Petitioner's state collateral proceedings terminated on June 12, 1996, and he filed the instant federal habeas petition on May 7, 1997, an interval of almost eleven months.

**IT IS FURTHER ORDERED** that the Clerk shall cause the Magistrate Judge's Amended Proposed Findings and Recommended Disposition, filed September 8, 1997, and this Final Order to be submitted together for publication.

**FINALLY, IT IS ORDERED** that because this Court finds that the instant habeas petition is time-barred under 28 U.S.C. § 2244(d), this cause is hereby dismissed with prejudice.

Sept. 8, 1997.

*MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION* [1]

SMITH, United States Magistrate Judge.

### NOTICE

Within ten days after a party receives a copy of these Amended Proposed Findings and Recommended Disposition a party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the Amended Proposed Findings and Recommended Disposition. A party must file any objections within the ten day period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be conducted.

### AMENDED PROPOSED FINDINGS

Petitioner DeWitt Powell ("Powell") is a *pro se* prisoner currently incarcerated in the Los Lunas correctional facility. He was convicted pursuant to a jury verdict of various counts, including armed robbery and aggravated battery. (Resp't's Answer, Ex. A). He was sentenced to a total term of imprisonment of twelve years, after the trial court found him subject to the New Mexico habitual offender statute. *Id.*

Powell filed the instant petition on May 7, 1997. There, he states two grounds for habeas relief First, that he was denied due process of law because New Mexico's habitual offender act is unconstitutionally vague. (Pet. at 6). Second, he alleges ineffective assistance of appellate counsel for counsel's failure to file a timely notice of appeal after Powell had requested an appeal. (Pet. at 7). Powell was represented at all relevant times by attorney Alfonso Barrera. (Pet. at 12).

On July 7, 1997, Respondent filed a motion to dismiss the instant petition, providing two grounds for dismissal. Respondent first argues that Powell presents a "mixed" petition, containing both exhausted and unexhausted claims, and that therefore the petition should be dismissed without prejudice. (Resp't's Mot. to Dismiss at I). Respondent's second argument for dismissal is that Powell's petition is time-barred under recent habeas amendments passed by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act").

**a. Respondent's Contention that Petition is Time-Barred**

In ascertaining whether Powell's instant petition is time-barred under the new amendments, it is helpful to construct a time line of the relevant events:

| | |
|---|---|
| Amended Judgment and Sentence (Powell directs Barrera to appeal his conviction) | January 12, 1994 |
| First State Habeas Petition filed (only raised challenge to state habitual offender statute) | May 23, 1995 |
| First State Habeas Petition denied by state district court | June 27, 1995 |
| Petition for Certiorari to New Mexico Supreme Court | July 12, 1995 |
| Petition for Certiorari denied by New Mexico Supreme Court | July 25, 1995 |
| Powell writes to Barrera and begins making numerous telephone calls to Barrera about status of Powell's appeal (Barrera fails to respond) | August 23, 1995 |
| Powell files disciplinary complaint against Barrera for failing to file a timely appeal | about October 1995 |
| State Disciplinary Board writes to Powell that the investigation against Barrera is proceeding | December 4, 1995 |
| Second State Habeas Petition filed (raised ineffective assistance of appellate counsel for the first time) | February 16, 1996 |
| State Disciplinary Board writes to Powell, informing him that Barrera is being charged with disciplinary violations | April 1, 1996 |
| Second State Habeas Petition denied by state district court | May 7, 1996 |
| Petition for Certiorari to New Mexico Supreme Court filed | May 28, 1996 |
| Petition for Certiorari denied by New Mexico Supreme Court | June 12, 1996 |
| Federal Habeas Petition filed | May 7, 1997 |

---

1. I take up this matter for reconsideration upon the objections filed by Respondent on August 18, 1997, to my Proposed Findings and Recommended Disposition (PFD), which was entered on August 2, 1997. I hereby withdraw my August 2 PFD and substitute this Amended PFD.

## I. Determining when the Limitations Period Begins to Run

■ There are two ways of analyzing whether Powell's instant petition is time-barred. The first analysis focuses on when Powell knew or should have known the factual predicate of his ineffective assistance of appellate counsel claim. *See* 28 U.S.C. § 2244(d)(1)(D). According to this theory, the one year limitation period would not begin to run on Powell until such time as he discovered or should have discovered that his attorney failed to file a timely appeal in the state courts. *See id*

Powell filed this petition on May 7, 1997. Consequently, his petition is governed by the recent amendments contained in the Act. *See Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997) (new amendments to habeas law generally apply only to cases filed after April 24, 1996, the effective date of the Act). One of the more important changes to habeas law can be found at newly-amended 28 U.S.C. § 2244(d), which provides in relevant part:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .;
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.

Thus, according to the new amendments, the limitations period begins to run from the latest of several possible scenarios, depending on which one applies to a given situation. While in most cases, the relevant date will be the date on which judgment becomes final, *see* § 2244(d)(1)(A), in some cases the limitations period will not begin to run until a prisoner becomes aware or should have be-

come aware of the factual predicate of a claim through the exercise of due diligence. *See* § 2244(d)(*l*)(D). If more than one of these circumstances applies, the last in time would be controlling. § 2244(d)(*l*).

Based upon the record before the Court, and as demonstrated by the time line above, I find that Powell reasonably believed that his attorney was going to file a direct appeal after Powell's state court conviction. (*See* Resp't's Answer, Ex. L, Disciplinary Board Specification of Charges at 3–5). Therefore, the time for determining when the limitations period began should be the time when Powell discovered or should have discovered through the exercise of due diligence when his attorney had failed to file a direct appeal. *See* 28 U.S.C. § 2244(d)(*l*)(D). Hence, I reject Respondent's contention that the one-year limitation period began to run thirty days after January 12, 1994, the date the Amended Judgment and Sentence were filed. (Resp't's Mem. Supp. Mot. to Dismiss at 3).

Using the time line above, it would appear that Powell became aware or should have become aware of his counsel's failure to file a timely appeal by no later than late October-early November of 1995, when he filed a disciplinary complaint for failure to file a timely appeal against Barrera with the State Disciplinary Board. Therefore, applying the provisions of § 2244, as well as construing all doubts in Powell's favor, I find that the limitations period began to run by no later than November 1, 1995.

■ Powell then filed his second state habeas petition on February 16, 1996. This collateral proceeding filed in the state courts tolled the limitations period, as set forth at 28 USC § 2244(d)(2), which provides that the time during which a properly filed state collateral proceeding is pending is not counted toward any limitations period. "Tolling" is defined as "[t]o suspend or stop temporarily. . . ." BLACK'S LAW DICTIONARY 1448 (6th ed.1990). Using these dates, then, Powell had lost three and a half months of his one year limitation period prior to his filing a second state habeas petition.

The record shows that this second state collateral proceeding terminated on June 12, 1996, when the state Supreme Court denied

Powell's petition for certiorari. Following this analysis to its logical conclusion, Powell had eight and half months after June 12, 1996, in which to file his federal habeas petition. Therefore, the statute of limitations for Powell to file a federal habeas petition expired on or about March 1, 1997. Powell filed this petition on May 7, 1997. Hence, under this analysis, the instant petition would be time-barred.

### 2. The Holding in Simmonds

■ A second way of analyzing the limitations issue, and the one recommended herein, involves interpretation of the one year statute of limitations in light of the Tenth Circuit's holding in *United States v. Simmonds* 111 F.3d 737 (10th Cir.1997). There, the Tenth Circuit held that prisoners whose convictions became final on or before April 24, 1996, must file their habeas petitions before April 24, 1997. *Id.* at 746.

In *Simmonds,* the Tenth Circuit essentially allowed a one-year grace period for petitions filed prior to the Act's effective date, such that a prisoner whose conviction became final on or before the Act's effective date of April 24, 1996, was afforded until April 24, 1997, to file his habeas petition. In so ruling the court in *Simmonds* was primarily persuaded by principles of fairness prisoners should be afforded a reasonable time in which to bring their habeas petitions without being subjected to a "severe instance of retroactivity." *Id.* at 745 (quoting *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996)).

Applying the grace period imposed by *Simmonds* to the instance case, I find that any limitations period pertaining to Powell's petition ended on April 24, 1997. Powell's conviction in state court became "final," as that term is commonly defined, prior to April 24, 1996. (Resp't's Answer, Ex. A). Therefore, notwithstanding that under the "knew or should have known" analysis the limitations period ended in early March of 1997, the holding in *Simmonds* essentially afforded Powell a grace period, such that his federal petition would be timely if filed on or before April 24, 1997. In summary, the *Simmonds* grace period afforded Powell almost two more months in which to bring his federal petition than did the statutory scheme set forth at newly-amended 28 U.S.C. § 2244(d).

The record shows that Powell executed his federal habeas petition on May 5, 1997. (Pet. at 13). It was then filed in this Court on May 7, 1997. Therefore, Powell filed the instant petition about two weeks after the end of the *Simmonds,* grace period. Hence, the instant petition is time-barred.

While, to some, this reasoning appears to end in a harsh result, I believe that it serves the purposes underlying the Tenth Circuit's concerns in the *Simmonds* case. First, all state court proceedings involving Powell's conviction became final on June 12, 1996. This gave Powell until April 24, 1997, more than ten months, in which to file a federal petition. Thus, unlike the inequitable situation contemplated in *Simmonds,* Powell had a reasonable time frame in which to bring his claims in federal court. *See Simmonds* 111 F.3d at 745–46.

Second, it can reasonably be assumed that Powell was on notice that Congress had passed amendments to habeas law that imposed a limitations period. The effective date of the Act was April 24, 1996. Powell's collateral state court proceedings ended on June 12, 1996. Hence, he was likely aware that the time frame in which to file his federal habeas petition was a critical factor and that he would be best advised to seek federal habeas review at the earliest possible date.

Finally, my recommendation is in line with one of the stated purposes of the habeas corpus amendments, which is to "curb the lengthy delays in filing that now often occur in federal habeas corpus litigation, while preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal habeas review in a timely manner." H.REP. No. 104–23 at 29. In my view, a ten month time period after the termination of state court proceedings is more than ample time in which to seek federal habeas review. Thus, barring the instant petition as untimely serves the purposes of the Act, without compromising a prisoner's opportunity to bring a petition within a reasonable time frame. *See Simmonds* 111 F.3d at 745–46

Very few federal courts have had occasion to interpret the new time limitation provision. *See, e.g., Hughes v. Irvin,* 967 F.Supp.

775 (E.D.N.Y.1997); *Valentine v. Senkowski,* 966 F.Supp. 239 (S.D.N.Y.1997); *Moseley v. French,* 961 F.Supp. 889 (M.D.N.C.1997); *Parisi v. Cooper,* 961 F.Supp. 1247 (N.D.Ill. 1997); *Martin v. Jones,* 969 F.Supp. 1058, 1997 WL 416485 (M.D.Tenn.1997). At least one district court has held that "the 1-year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted." *Valentine,* 966 F.Supp. at 241. Under this view, the one-year period does not begin to run until the termination of all state collateral proceedings, even if the final judgment is prior to April 24, 1996, and the prisoner failed to meet the *Simmonds,* deadline of April 24, 1997. Thus, a prisoner whose state court conviction became final in 1982 and who missed the *Simmonds,* deadline, but who filed a state court habeas petition today, would be afforded one year after the completion of his state proceedings to file a federal petition. In my estimation, such a result would be contrary to the intent of the new habeas amendments.

■ Instead, it is my belief that the proper rule is as follows: (a) per the decision in *Simmonds,* a state prisoner whose conviction became final prior to April 24, 1996, must have filed his federal habeas petition by no later than April 24, 1997; and (b) a state prisoner whose conviction became final after April 24, 1996, must file his petition within one year, plus any tolling period, from the latest of the four possibilities set forth at 28 U.S.C. § 2244(d)(*l* ).

■ In construing the one-year period for prisoners whose convictions became final after April 24, 1996, I further opine that the period between the final judgment (which in most cases will be when direct review concludes or when the time for direct review has expired) and the commencement of state habeas proceedings be counted toward the one year limitation period. *See Hughes,* 967 F.Supp. at 778 (counting for purposes of the one-year limitation period the interval between the conclusion of one state collateral proceeding and the commencement of a new state collateral proceeding).

Finally, I note that the new limitation amendments do not impose a blanket rule that would preclude all federal habeas review of petitions filed after April 24, 1997, for prisoners whose convictions became final prior to April 24, 1996. For example, a prisoner may be able to show that he only recently discovered or should have discovered through due diligence the factual predicate of his habeas claim. *See* 28 U.S.C. § 2244(d)(*l* )(D). Or he may be able to demonstrate that he was impeded from filing his petition by an unconstitutional state action. *See* 28 U.S.C. § 2244(d)(*l* )(B). In either case, assuming that the prisoner had filed the petition within one year plus any tolling period after the relevant event noted above, and assuming that he complied with all other statutory and procedural requirements, a federal court could entertain a petition under the new amendments even if the final state court judgment took place in 1982.

The instant petition was filed on May 7, 1997. Therefore, it is governed by the provisions of newly-amended 28 U.S.C. § 2244(d). *Lindh,* — U.S. at ——, 117 S.Ct. at 2068. Powell failed to file this petition within the grace period set forth in the *Simmonds* decision. Therefore, this Court is precluded from entertaining this petition. For these reasons, I find that Respondent's contention that the instant petition is time-barred under the Act is well taken and recommend that it be granted as the basis for dismissing this 2254 petition.

### b. Respondent's Contention that Petition Presents an Unexhausted Claim

Based upon my recommendation on the statute of limitations issue, there is no need to address Respondent's second basis for dismissal regarding an unexhausted claim.

### MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For the aforementioned reasons, I recommend that Respondent's motion to dismiss on the basis that the instant petition is time-barred under the Act, filed July 7, 1997, be granted and that this petition be dismissed with prejudice.