**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN AUFLEGER,

      Petitioner-Appellant,

v.

JAMES SAFFLE,

      Respondent-Appellee.

No. 00-6107
(D.C. No. CIV-99-1716-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BALDOCK** , and **LUCERO** , Circuit Judges. **

      Stephen Aufleger, a prisoner in the custody of the Oklahoma Department of Corrections, challenges the district court's order dismissing as time-barred his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a prior

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    **After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

order, we granted Mr. Aufleger's application for a certificate of appealability on the following question: whether, in light of Mr. Aufleger's allegation that his counsel was ineffective because she did not file a motion to withdraw his plea after he requested her to do so, he could not have discovered the factual predicate of that claim until sometime after April 4, 1998, such that his ineffective assistance of counsel claim was timely pursuant to 28 U.S.C. § 2244(d)(1)(D).

Upon considering the record and the arguments of the parties, we conclude that the district court erred in dismissing Mr. Aufleger's petition on statute of limitations grounds. We therefore vacate the district court's order and remand the case for further proceedings consistent with this order and judgment.

## I. BACKGROUND

On January 28, 1988, Mr. Aufleger pleaded nolo contendre to the following offenses in the District Court of Lincoln County, Oklahoma: (1) shooting with intent to kill; (2) assault and battery with a dangerous weapon; (3) unlawful possession of a controlled drug; (4) unlawful possession of marijuana with the intent to distribute; (5) unlawful cultivation of marijuana; (6) eluding a police officer, and (7) possession of paraphernalia. On March 25, 1998, the Lincoln County District Court sentenced Mr. Aufleger to concurrent terms of fifteen years' imprisonment on the first five of these offenses and one year's

2

imprisonment on the sixth and seventh ones.

No withdrawal of Mr. Aufleger's plea was filed within the ten-day period set forth in Oklahoma law. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat., tit. 22, ch. 18 app. (stating that, in order to appeal a plea of guilty or nolo contendre, "the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence"). However, on March 16, 1999, Mr. Aufleger filed an application for post-conviction relief in the Lincoln County District Court. The Lincoln County court denied Mr. Aufleger's motion shortly thereafter, on March 26, 1999. Mr. Aufleger then appealed the Lincoln County District Court's ruling. On October 8, 1999, the Oklahoma Court of Criminal Appeals affirmed the Lincoln County court's decision.

On November 1, 1999, the federal district court received the instant petition for a writ of habeas corpus from Mr. Aufleger. The magistrate judge found that, according to prison mail logs submitted by the respondent, the earliest day that Mr. Aufleger could have delivered the petition to prison officials for mailing was October 28, 1999.

Upon the respondent's motion, the magistrate judge recommended dismissal of Mr. Aufleger's petition as untimely under 28 U.S.C. § 2244(d). The magistrate judge calculated the running of the one-year statute of limitations as follows: Mr.

Aufleger's conviction became final on April 4, 1998, ten days after the pronouncement of his sentence. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat., tit. 22, ch. 18 app. On March 16, 1999, when Mr. Aufleger filed his application for post-conviction relief in the Lincoln County District Court, nineteen days remained before the one-year statute of limitations expired. The statute of limitations period was then tolled from March 16, 1999 until October 8, 1999, when the Oklahoma Court of Criminal Appeals affirmed the Lincoln County District Court's denial of Mr. Aufleger's application for post-conviction relief. After the Oklahoma Court of Criminal Appeals issued its decision, Mr. Aufleger had nineteen days, or until October 27, 1999, to timely file his petition for a writ of habeas corpus in the federal district court. Because the earliest possible date that Mr. Aufleger submitted his petition to prison officials for mailing was October 28, 1999, the magistrate judge concluded, his petition was untimely by one day. The district court adopted the magistrate's recommendation and dismissed Mr. Aufleger's petition.

## II. DISCUSSION

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—
>
>> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Here, although we discern no error in the calculation of the one-year period under § 2244(d)(1)(A), it appears that the magistrate judge failed to consider the application of § 2244(d)(1)(D) to Mr. Aufleger's ineffective assistance of counsel claim. Under § 2244(d)(1)(D), the one-year period may have started to run sometime _after_ the end of the ten day period following the issuance of his

5

sentence (i.e., sometime after April 4, 1998).

That conclusion follows from one of Mr. Aufleger's allegations against his counsel—i.e., that she failed follow his instructions to challenge the entry of his pleas of nolo contendre. See Rec. doc. 2, response to question eight (Petition for Writ of Habeas Corpus, Filed Nov. 1, 1999) (stating that "[p]etitioner instructed his counsel, on the day of sentencing, that he wanted to appeal his guilty [sic] plea") (emphasis added). If that allegation is true, then "the date on which the factual predicate of [this particular ineffective assistance of counsel claim] could have been discovered through the exercise of due diligence," see § 2244(d)(1)(D), would be the day on which Mr. Aufleger could have reasonably discovered that his counsel failed to follow his instructions to challenge his pleas. See Powell v. Williams, 981 F. Supp. 1409, 1412 (D.N.M. 1997) (concluding that, under § 2244(d)(1)(D), the limitations period on an ineffective assistance of counsel claim based on the failure to file a direct appeal began to run "when [the petitioner] discovered or should have discovered through the exercise of due diligence [that] his attorney had failed to file a direct appeal" and rejecting the argument that the statute of limitations began to run on an earlier date—when the petitioner's judgment and sentence became final); see also Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000) (concluding that when the factual predicate of petitioner's claim was contained in a published Tenth Circuit opinion, the statute

6

of limitations period under § 2244(d)(1)(D) began to run "on the date the opinion became accessible in the prison law library, not the date the opinion was issued"). If the day on which Mr. Aufleger reasonably could have discovered this alleged deficiency in his counsel's performance was sometime after April 4, 1998, then, following the magistrate judge's other calculations of the statute of limitations period, Mr. Aufleger's petition would fall within the one-year period established by § 2244(d)(1)(D).

In its appellate brief, the state contends that an affidavit filed by Mr. Aufleger's counsel in the state court proceedings renders this potential extension of the statute of limitations inapplicable. See Rec. doc. 12, Ex. G (affidavit of Cheryl A. Ramsey, filed May 24, 1999, District Court for Lincoln County, Okla.). The state notes that Mr. Aufleger's counsel has denied that he told her to appeal his plea and sentence.    See id. at 3 (State's Br. in Support of Motion to Dismiss Time Barred Petition).  According to the state,      because this statement contradicts Mr. Aufleger's unsupported assertions, we may reject his version of the relevant events, conclude that he did not request his counsel to appeal his sentence, and find that § 2244(d)(1)(D) is not applicable to the statute of limitations determination.

The state's argument is not persuasive.  Although state court findings are entitled to a presumption of correctness, see 28 U.S.C. § 2254(d); Smallwood v.

7

Gibson, 191 F.3d 1257, 1264 (10th Cir. 1999), there is no indication in the state court record before us that the state courts rejected Mr. Aufleger's account and accepted the account of his attorney. Indeed, the record here indicates that Mr. Aufleger's attorney filed her affidavit after the state court had ruled on Mr. Aufleger's post-conviction motion. Moreover, in affirming the Lincoln County District Court's decision, the Oklahoma Court of Criminal Appeals made no reference to the attorney's affidavit.

Accordingly, because there is no indication that the state courts made factual findings as to Mr. Aufleger's allegation regarding his instructions to his attorney, we accept those allegations as true. See Bennett v. Artuz, 199 F.3d 116, 121 (2d Cir. 1999) (concluding that habeas petition was not untimely because, accepting the allegations as true, the AEDPA statute of limitations had not yet commenced), aff'd, 121 S. Ct. 361 (2000).[1] Thus, Mr. Aufleger's claim of

---

[1] The magistrate judge did acknowledge that Mr. Aufleger had alleged that his attorney failed to follow his instructions to seek to withdraw his plea. However, the magistrate judge concluded that Mr. Aufleger had not raised this contention in the state court proceedings and that, as a result, there was no impediment to the filing of a timely action.

Our review of the record indicates that Mr. Aufleger did raise this claim in the state court proceedings. Mr. Aufleger's "Motion to Withdraw Plea Out of Time," filed in Lincoln County District Court on March 16, 1999, states that "[p]etitioner . . . told [his attorney] that he was wanting to withdraw the plea on the very day that he was sentenced'. See Rec. doc. 12 Ex. C, at 15.

Thus, the statute of limitations on the ineffective assistance of counsel claim arising out of Mr. Aufleger's lawyer's alleged failure to challenge the guilty plea was tolled while the state courts adjudicated this claim. However, as

ineffective assistance of counsel arising out of his counsel's failure to challenge his guilty plea and sentence may be timely under 28 U.S.C. § 2244(d)(1)(D). Mr. Aufleger may not have been able to discover the factual predicate of that claim through the exercise of due diligence until sometime after April 4, 1998, the day his sentence became final.

We emphasize that, upon further development of the record, the district court may conclude that Mr. Aufleger never informed his counsel that he wanted to appeal. Also, the state may have other meritorious defenses to his claims. However, we leave consideration of those defenses to the district court on remand. On this record, the district court should not have dismissed on statute of limitations grounds the ineffective assistance of counsel claim arising out of Mr. Aufleger's counsel's alleged failure to challenge his plea and sentence.

## III. CONCLUSION

We conclude that the district court erred in dismissing Mr. Aufleger's petition on statute of limitations grounds. We, therefore, VACATE the district court's order dismissing Mr. Aufleger's petition as untimely and REMAND the case for proceedings consistent with this order and judgment. In the event that

---

noted above, the key question here is when Mr. Aufleger reasonably could have discovered this alleged deficiency in his counsel's performance.

9

the district court concludes that Mr. Aufleger's petition is timely under §

2244(d)(1)(D), it should proceed to consider the other claims and defenses raised

by the parties.

Entered for the Court,


Robert H. Henry
United States Circuit Judge