**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN CLARK COOPER,

      Petitioner-Appellant,

v.

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 00-2462
(D.C. No. CIV-00-264 JP/RLP)
(D. New Mexico)

---

**ORDER AND JUDGMENT**  *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Steven Clark Cooper, a New Mexico state prisoner appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the petition, concluding it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). We granted Cooper a certificate of appealability (COA) with respect to two issues: (1) whether the respondent met its burden of demonstrating when Cooper's one-year limitations period under § 2244(d) had commenced and expired, and (2) whether and to what extent the one-year limitations period should be equitably tolled based on Cooper's claim that his appointed trial counsel was ineffective for not filing or properly perfecting his state appeal, and that he did not know for nearly a year that his direct appeal had been procedurally terminated. We remand this case to the district court for further proceedings.

## I. Background

In January 1998, Cooper pled guilty to thirty counts of criminal sexual penetration, all involving his minor daughter. On July 27, 1998, he was sentenced to thirty-six years' imprisonment on all of the convictions. [1] On August 10, 1998,

---

[1] Cooper's state court motion for reconsideration indicates, however, that his judgment and sentence was entered on August 27, 1998. R. Doc. 10, Ex. E. at 1. We cannot independently ascertain the date judgment was entered because the docket sheet from Cooper's state court criminal proceeding was never made part of the record.

-2-

Cooper filed a notice of appeal. Cooper contends that he requested his court-appointed counsel to file an appeal, but his counsel failed to take any actions to perfect the appeal. It is undisputed that neither Cooper nor his counsel filed a docketing statement, which must be filed within thirty days of the filing of the notice of appeal in order to perfect the appeal. *See* N. M. R. App. P. 12-208(B). There is nothing in the record to indicate, however, how or when Cooper's attempted appeal was disposed of by the New Mexico Court of Appeals.

On October 5, 1998, Cooper filed a motion with the trial court for reconsideration of his sentence, which was dismissed three days later. On January 27, 1999, he filed an application for post-conviction relief in state court which was denied on February 25, 1999. He filed a petition for writ of certiorari appealing the denial to the New Mexico Supreme Court on March 16, 1999, which was denied on March 30, 1999. On February 23, 2000, Cooper filed his federal habeas petition.

## II. Analysis

### A. One-Year Limitations Period

Because Cooper filed his federal habeas petition after April 24, 1996, his petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Hooks v. Ward*, 184 F.3d 1206, 1213 (10th Cir. 1999). The district court dismissed Cooper's petition on the ground that it was

-3-

filed outside of the one-year period of limitations set forth in § 2244(d).  Section

2244(d) provides, in relevant part:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
>
> (A)  the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This court has held that the limitation period under § 2244(d)(1)(A) commences at

the end of the period in which the prisoner could have sought review of the direct

appeal of his conviction by the United States Supreme Court.  *Locke v. Saffle*,

237 F.3d 1269, 1273 (10th Cir. 2001).

Adopting the magistrate judge's report and recommendation, the district

court determined that the one-year limitations period began thirty-four days after

Cooper filed his notice of appeal, on the date when the required docketing

statement was not filed in the New Mexico Court of Appeals.  The district court

did not explain the basis of this calculation; apparently, it implicitly treated

Cooper's attempted appeal as a nullity and determined that Cooper's conviction

became final at the expiration of the time for seeking direct review.  The district

court then tolled the one-year limitations period during the period in which

Cooper's state habeas petition was pending. *See* 28 U.S.C. § 2244(d)(2). With these allowances, the district court concluded that Cooper's limitations period expired three months before he filed his federal habeas petition.

Cooper contends the district court erred in dismissing his petition as untimely under § 2244(d)(1). Specifically, he claims the limitations period should be tolled because he instructed his counsel to file a direct appeal and did not learn for nearly a year that his direct appeal had not been perfected properly. We review *de novo* the district court's interpretation of 28 U.S.C. § 2244(d). *See United States v. Fillman*, 162 F.3d 1055, 1056 (10th Cir. 1998). The respondent bears the burden of proving that the AEDPA limitations period has expired. *Cf. Hooks v. Ward*, 184 F.3d at 1216-17 (holding that state bears the burden of proving the adequacy of a state procedural bar to federal habeas review).

Under New Mexico law, it is the responsibility of an appellant's trial counsel, unless relieved of such obligation by the court, to file a docketing statement within thirty days of filing a notice of appeal in the New Mexico Court of Appeals. N. M. R. App. P. 12-208(A) and (B). The New Mexico Court of Appeals requires a docketing statement in order to perfect an appeal. *Cf. Schmitz v. Smentowski*, 785 P.2d 726, 732 (N.M. 1990). The docketing statement must include a concise and accurate statement of all the material facts and a statement

of the issues presented by the appeal, including how they arose and how they were preserved in the trial court. Rule 12-208(D). The court may grant an extension of time within which to file the docketing statement upon a showing of good cause. *Johnson v. School Bd. of Albuquerque Pub. Sch. Sys.*, 823 P.2d 917, 918 (N.M. Ct. App. 1991).

As noted, it is undisputed that Cooper's counsel failed to file the required docketing statement. No records from the New Mexico Court of Appeals relating to Cooper's attempted direct appeal were provided to the district court. Therefore, there is no evidence in the record indicating how or when Cooper's appeal was ultimately terminated. Although the district court assumed that the appeal was terminated thirty-four days after the notice of appeal was filed, it is also possible that some longer period of time elapsed after the docketing statement deadline passed before the appellate court dismissed or otherwise disposed of Cooper's appeal. Nor can we accept the district court's assumption that Cooper's appeal was never docketed or was otherwise a nullity. The appeal might, instead, have been dismissed by the New Mexico Court of Appeals, in which case Cooper's one-year limitation period would not have begun to run until the time for filing a certoriari petition expired. *See Locke*, 237 F.3d at 1273. In the absence of any record, we simply do not know when or how Cooper's state appeal was terminated. The district court lacked any evidentiary support for its

conclusion that Cooper's conviction became final thirty-four days after he filed his notice of appeal. On this basis alone, a remand is necessary for a factual determination in the first instance of how and when the New Mexico Court of Appeals disposed of Copper's direct appeal. *See Cowles v. Dow Keith Oil & Gas, Inc.*, 752 F.2d 508, 511 (10th Cir. 1985) (holding that a finding of fact is clearly erroneous if it is without factual support in the record).

Moreover, under § 2244(d)(1)(D), Cooper's one-year limitations period may not even have begun until *after* he learned that his attorney had failed to file a direct appeal, at least with respect to his ineffective assistance of counsel claim. Cooper alleged in his § 2254 habeas petition that his counsel was ineffective because he failed to follow Cooper's instructions to file a direct appeal. R. Doc. 1, at 6(f). If that allegation is true, then "the date on which the factual predicate of [this particular ineffective assistance of counsel claim] could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), would be the day on which Cooper could have reasonably discovered that his counsel failed to follow his instructions to appeal his guilty plea. *See Powell v. Williams*, 981 F. Supp. 1409, 1412 (D.N.M. 1997) (concluding that, under § 2244(d)(1)(D), the limitations period on an ineffective assistance of counsel claim based on the failure to file a direct appeal began to run "when [the petitioner] discovered or should have discovered through the exercise of due diligence [that] his attorney

had failed to file a direct appeal" and rejecting the argument that the statute of limitations began to run when the petitioner's judgment and sentence became final). On remand, the district court should consider the application of § 2244(d)(1)(D) to Cooper's ineffective assistance of counsel claim.

### III. Equitable Tolling

The district court also failed to consider adequately Cooper's claim that the limitations period should be equitably tolled. The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1195 (2001). Cooper has the burden of demonstrating that equitable tolling should apply. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Cooper contends that § 2244(d)(1)'s limitations period should be equitably tolled because he instructed his attorney to file a direct appeal, had a right to expect his attorney would file the docketing statement and perfect the appeal on his behalf, and waited for nearly a year before he learned that his state appeal had not been perfected. His allegation is supported, to some degree, by earlier

statements in his state pleadings. In his January 1999 state habeas petition, Cooper informed the court that he had filed a notice of appeal but did not know the status of his appeal. R. Doc. 10, Ex. G, at 2. He further explained that he assumed the New Mexico Court of Appeals would notify him when the appeal was concluded. *Id*.

Cooper's allegations might constitute the type of extraordinary circumstances warranting the application of equitable tolling. *See Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) (holding that "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter"). The respondent counters that the attempted state appeal should have no effect on § 2244(d)'s one-year limitations period because Cooper waived his right to any direct appeal by pleading guilty and not reserving any issues for direct appeal. Under New Mexico law, a voluntary guilty plea, made with full understanding of the consequences, ordinarily waives a defendant's right to appeal on any grounds other than jurisdictional unless a conditional plea agreement reserves the issue for appeal. *State v. Hodge*, 882 P.2d 1, 5 (1994). The limited record before this court does not reveal that Cooper reserved any issues for appellate review in his plea agreement or plea proceedings.

Cooper, however, claims that he did not knowingly or voluntarily enter into his plea agreement or any implied waiver of appellate rights contained therein. [2] In this regard, we note that neither the plea agreement nor the record of the plea proceedings make any reference to a waiver of appellate rights, *see* R. Doc. 10, Exs. B and C, and that the judgment and sentence entered by the trial court expressly states that Cooper was notified of his right to appeal and his right to have court-appointed counsel pursue that appeal if he was indigent, *id*. Ex. A, at 6-7. Thus, on the face of the record before us, it is not entirely clear that Cooper waived his right to appeal.

Moreover, even if Cooper did enter a knowing, voluntary, unconditional guilty plea waiving his right to appeal, his counsel would remain obligated under New Mexico law to file an appeal and related docketing statement if Cooper wanted to appeal his guilty plea. Though his counsel might have correctly concluded such an appeal would be frivolous, he would be obligated under New Mexico law to "advance all points for reversal requested to be advanced by

---

[2] Respondent asserts that Cooper is not claiming that his guilty plea was involuntary. Cooper asserted in his state habeas petition that his plea agreement was not knowingly entered into because his trial counsel did not present viable alternatives to pleading guilty. R. Doc. 10, Ex. G. at 3. He further alleges in his § 2254 petition that his plea was not entered into knowingly and intelligently. R. Doc. 1, at 6(e). Finally, Cooper states in his federal habeas petition that the state trial court specifically informed him that he had a right to file an appeal. *Id.* at 6(f).

defendant, even if counsel had no confidence in them or if he could not in good faith support them." *State v. Boyer*, 712 P.2d 1, 4 (N.M. Ct. App. 1985) (citing *State v. Franklin*, 428 P.2d 982 (N.M. 1967) and its progeny). Even where counsel believes an appeal to be frivolous, he remains obligated "to prepare a docketing statement of sufficient completeness to afford adequate appellate review." *State v. Talley*, 702 P.2d 353, 359 (N.M. Ct. App. 1985); *see also Boyer*, 712 P.2d at 4 (requiring counsel, in a case where counsel believes the requested appeal to be frivolous, to prepare a docketing statement that states the contentions advanced by a defendant, includes a statement of all facts material to those contentions, informs the court whether and how the contentions were raised in the trial court, and informs the court whether the contentions or facts would appear in the record).

As noted, Cooper has alleged that he instructed his counsel to file an appeal. If true, his counsel would have been statutorily and ethically obligated to file the required docketing statement, in which case Cooper's direct appeal would not have been deemed abandoned, as respondent claims it was. If true, the limitations period of Cooper's ineffective assistance of counsel claim in his habeas petition might not begin to run under § 2244(d)(1)(D) until the date when Cooper discovered, or could have discovered with the exercise of due diligence, that his counsel did not follow his instructions to appeal his guilty plea. And,

if true, Cooper could reasonably have believed for a year that his state appeal was still pending, as he claims, which might justify equitable tolling.

The district court did not address these allegations. We therefore remand this case to the district court with instructions to develop the facts further, to assess their legal significance, and to assess the balance of equities in this case in the first instance. We suggest no outcome on remand. We hold only that the present state of the record does not permit an informed decision on when and how Cooper's direct appeal was terminated, when § 2244(d)'s limitation period commenced, and whether equitable tolling is appropriate in this case.

The district court's judgment that Mr. Cooper's habeas petition was untimely under § 2244(d)(1) is VACATED, and the case is REMANDED with instructions for further proceedings. Respondent's motion to supplement the record is DENIED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Chief Judge
