**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENNETH S. AZUBUIKE,

    Defendant-Appellant.

No. 07-5167
(D.C. Nos. 07-CV-449-TCK-FHM and
02-CR-153-TCK)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Kenneth S. Azubuike, a federal prisoner proceeding *pro se*, seeks to challenge his imprisonment in a 28 U.S.C. § 2255 habeas petition. The district court dismissed the petition as time-barred, and Mr. Azubuike now seeks before us a certificate of appealability ("COA") to appeal the district court's order. For substantially the same reasons set forth by the district court, we deny Mr. Azubuike's application for a COA.

\* \* \*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2005, Mr. Azubuike was found guilty, following a jury trial, of several counts of bank and wire fraud. The district court sentenced him to a prison term of 48 months, to be followed by five years of supervised release. He was also ordered to pay approximately $340,000 in restitution and a special assessment of $4,100. Mr. Azubuike never sought direct appeal of his conviction or sentence.

In his current petition, Mr. Azubuike charges ineffective assistance of counsel, alleging that his trial counsel wrongly informed him that he lacked any colorable issues for a direct appeal, and alleging that his trial counsel neglected to dismiss his indictment because trial did not commence within the period provided for by the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). The district court dismissed Mr. Azubuike's Section 2255 motion as time-barred, and also denied his petition for a COA.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court dismisses a habeas petition on procedural grounds, as it did here, a COA may be issued only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264

(10th Cir. 2007). In this case, we have no doubt that the district court ruled correctly in dismissing Mr. Azubuike's Section 2255 petition as time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions to vacate a conviction under Section 2255 must typically be made within one year from the date on which the conviction became final. *See* 28 U.S.C. § 2255(f)(1). The judgment of conviction was entered for Mr. Abuzuike on February 25, 2005, and his conviction became final on March 11, 2005 – the end of the ten-day period in which Mr. Abuzuike could have, but did not, file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). This Section 2255 motion was not filed until August 16, 2007 – almost one and a half years too late under a typical Section 2255 timeline.

AEDPA, however, also allows that the one-year limitation period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" if such date is later than the date on which the conviction became final. *See* 28 U.S.C. § 2255(f)(4). Mr. Azubuike contends that he did not discover that he had received ineffective assistance of counsel until July 25, 2007, when he received legal advice from a fellow prisoner. Taking that date as the start of the one-year limitation period, Mr. Azubuike's Section 2255 petition would indeed be timely.

We agree with the district court, however, that the facts supporting Mr. Azubuike's claim of ineffective assistance of counsel could have been discovered

- 3 -

through the exercise of due diligence at any time after his conviction became final and that, as such, the Section 2255 petition is time-barred. Indeed, Mr. Azubuike does not actually point to any *facts* that he could not have discovered at the time of his conviction that serve as the basis of his ineffective assistance of counsel claim. Rather, he points to *laws* that he did not discover until July 2007 purportedly suggesting that he may have received ineffective assistance of counsel. But the availability of a Section 2255(f)(4) limitations period is expressly limited to cases where "facts" – not law – are newly discovered. Mr. Azubuike has always known all of the facts that support his claim for ineffective assistance – namely, that his counsel did not believe there were meritorious issues to appeal, that his counsel advised that no appeal could therefore be taken, and that Mr. Azubuike believed this advice from his counsel. What Mr. Azubuike (allegedly) did not discover until July 2007 was the *legal* basis on which such actions by his counsel could be deemed to comprise ineffective assistance. But, under Section 2255's plain terms and our controlling precedents, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of Section 2255 motions. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The case primarily relied upon by Mr. Azubuike, *Cooper v. Bravo*, 36 F. App'x 343 (10th Cir. 2002), does not help his cause. In *Cooper*, the habeas petitioner directed his trial counsel to file a direct appeal but discovered almost a

- 4 -

year later that counsel had not done so. We held that, "[i]f that allegation is true, then the date on which the factual predicate of this particular ineffective assistance of counsel claim could have been discovered through the exercise of due diligence would be the day on which [petitioner] could have reasonably discovered that his counsel failed to follow his instructions to appeal his guilty plea." *Id.* at 346 (internal quotation and alterations omitted). What the petitioner discovered in *Cooper* that was relevant for calculating his one-year limitations period was the *fact* that his trial counsel never filed a notice of appeal. The petitioner did not simply discover existing *law*, as Mr. Azubuike alleges he did here. *See also Aufleger v. Saffle*, 3 F. App'x 861, 864 (10th Cir. 2001) (holding that the one-year limitations period began to run only after the petitioner reasonably could have discovered the fact that his trial counsel had failed to challenge the entry of his pleas of *nolo contendre*).

\* \* \*

Because Mr. Azubuike has failed to show that the district court's disposition of his Section 2255 petition is debatable or incorrect, his request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 5 -