**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUCIANO LOPEZ,

Defendant-Appellant.

No. 05-4267
(D.C. Nos. 2:05-CV-537-DAK and
2:99-CR-443-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

Luciano Lopez challenges the district court's dismissal of his 28 U.S.C.

§ 2255 motion. We granted a certificate of appealability on the following issues:

(1) the applicability of § 2255(4); (2) the diligence with which Mr. Lopez should

have endeavored to find out that his former counsel had not filed a notice of

appeal; (3) the applicability of equitable tolling; and (4) the relevance of *Roe v.*

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

*Flores-Ortega*, 528 U.S. 470 (2000). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We reverse and remand for further proceedings.

Mr. Lopez was charged in a nine-count superseding indictment with various firearms offenses. He pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced on February 18, 2004. Sixteen months later, on June 27, 2005, Mr. Lopez filed a motion seeking leave to file a motion under 28 U.S.C. § 2255. In that motion Mr. Lopez contended that his Sixth Amendment rights were violated when his attorney failed to file a notice of appeal after Mr. Lopez instructed him to do so. The district court denied Mr. Lopez's motion as untimely. The district court also "decline[d] to exercise its discretion to equitably toll the one-year statute of limitations." R., Doc. 3 at 3.

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). In his § 2255 motion Mr. Lopez claimed that "[i]mmediately following sentencing," he informed his counsel, Mark S. Kouris, that he wanted to appeal his sentence, and that he and Mr. Kouris agreed that there were grounds for an appeal. R., Doc. 1 at 2. Based on that discussion, Mr. Lopez relied on his counsel to file the notice of appeal. Mr. Lopez stated that after he was transferred out of state custody to federal prison, he attempted to contact his attorney by telephone and letter, but never received a response. He

sent two letters via certified mail in April and June 2005 and attached the signature receipts for those letters to his motion. Mr. Lopez contended that he received no response from his attorney and that as soon as he learned about the one-year filing limitation for § 2255 relief from a fellow inmate, he filed his motion.

In relevant part, § 2255 requires a motion seeking relief to be filed within one-year of the later of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> . . . .
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In denying Mr. Lopez's motion, the district court ruled that because Mr. Lopez's conviction became final on February 28, 2004, his § 2255 motion filed more than one year later was untimely. In its response brief filed with this court, the government concedes that the district court failed to consider the applicability of § 2255(4). As the government explains:

> Inasmuch as Lopez contends that he attempted to contact his attorney several times by telephone and mail concerning the status of his appeal but received no response, § 2255(4) may apply to the present case and Lopez should be given the opportunity to establish the date on which he should have discovered, through the exercise of due diligence, that no appeal was filed. If the district court finds that

-3-

Lopez filed his motion to vacate within one year of that date, the motion is timely under § 2255(4).

Aplee. Br. at 7.

The date on which Mr. Lopez should have discovered his attorney's failure to file an appeal is a fact-specific inquiry. *See United States v. Wims*, 225 F.3d 186, 190-91 (2d Cir. 2000). We agree with the government that the record is inadequate to determine at what point Mr. Lopez should have made this discovery. We therefore agree that remand for further fact-finding on this issue is required. *See* § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."). Because we are remanding to the district court for further fact-finding, we do not need to reach the issue of equitable tolling or the applicability of *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.

Entered for the Court


Harris L Hartz
Circuit Judge

-4-