**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRIAN KELLY RAUCH,

    Defendant-Appellant.

No. 07-5184

(D.C. No. CR-07-101-F)
(N. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Defendant Brian Rauch entered a conditional plea of guilty to one count of

being a felon in possession of firearms and ammunition, in violation of 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 922(g)(1), and was sentenced to a term of imprisonment of ninety months. Rauch now appeals, arguing that the district court erred in denying his motion to suppress evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

At approximately 8 p.m. on May 11, 2007, Tulsa police officer Danielle Bishop prepared an affidavit in support of a search warrant for the residence of defendant Rauch, located at 1511 North Kingston Avenue in Tulsa. The affidavit alleged that Rauch was in possession of, among other things, methamphetamine, marijuana, drug paraphernalia, and firearms. In support of this allegation, the affidavit first noted that a reliable confidential informant (RCI), who had "provided officers reliable information no less than seven different times," informed officers that an individual named "Brian Rouch [sic]" "was selling quantities of methamphetamine and marijuana from the residence to be searched." ROA, Vol. I, Doc. 24, Affidavit at 2. More specifically, the affidavit stated that the RCI "drove officers to the residence to be searched," "pointed it out as the residence from which Brian was selling methamphetamine and marijuana," and "stated that they had observed methamphetamine packaged for sale within the residence . . . ." Id. The affidavit further stated that "a second person ha[d] come forward in a confidential capacity" and "stated that they had information regarding a subject identified as Brian Rouch [sic], who was selling large

2

quantities of methamphetamine from the residence to be searched." Id. In addition, the affidavit stated that "a search of the Tulsa Police Department records computer revealed that on 3/22/07 Brian Rouch [sic] listed the residence to be searched as his home address," and that the "[r]ecords also revealed that Brian ha[d] multiple previous felony arrest[s] and . . . convictions," including "previous drug arrests for Trafficking Controlled Dangerous Substances and Possession of Marijuana with intent on 7/10/04, Possession of Marijuana on 6/27/04 and 9/8/03." Id. Lastly, the affidavit stated "that within the last 72 hours" Bishop "ha[d] conducted surveillance at the residence to be searched and ha[d] observed short term pedestrian and vehicular traffic" "indicative of drug sales." Id.

Bishop presented her affidavit to a state district judge who, at 9:20 p.m. that evening, after reviewing the affidavit and concluding that it established probable cause, issued a search warrant for Rauch's residence. Id., Search Warrant at 1. The search warrant was executed shortly after its issuance. After entering the residence, law enforcement officers identified three occupants: Rauch and two females. One of the females "was located in the bathroom of the house and was seen flushing the toilet repeatedly . . . ." Id., Vol. II, PSR at 6. "A small amount of marijuana was found in the trash in the bathroom where [this female] was located." Id. The ensuing search of the remainder of the residence produced four firearms, two of which were loaded and one of which was stolen, additional ammunition, approximately $6,900 in cash, and a digital scale. Id.

3

On June 7, 2007, a federal grand jury indicted Rauch on one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Rauch moved to suppress the evidence obtained during the search of his residence, arguing that the supporting affidavit "wholly fail[ed] to state when the reliable confidential informant ("RCI") was at the residence and purportedly saw methamphetamine or when the confidential informant ("CI") somehow learned that . . . Rauch was selling drugs from the residence." ROA, Vol. I, Doc. 21 at 1-2. The district court denied Rauch's motion, concluding that affidavit gave the state district judge "probable cause to believe that the search of [Rauch]'s residence would uncover illegal drugs." Id., Vol. III. at 40. Alternatively, the district court concluded "that the [executing] officers' reliance on the [search] warrant was objectively reasonable . . . ." Id. at 41.

On August 8, 2007, Rauch entered a conditional plea of guilty to the single count alleged in the indictment. The district court subsequently sentenced Rauch to a term of imprisonment of ninety months.

## II.

Rauch now appeals the district court's denial of his motion to suppress, arguing that "[t]he affidavit submitted in this case was wholly lacking in indicia of probable cause because it completely failed to establish any time frame between when drugs were allegedly at the residence and May 11, 2007, the date of the search." Aplt. Br. at 22. "Determinations relating to the sufficiency of a

4

search warrant and the applicability of the good-faith exception are conclusions of law . . . which this court reviews de novo." United States v. Danhauer, 229 F.3d 1002, 1005 (10th Cir. 2000). "[W]hile we review the district court's ruling on the sufficiency of a search warrant de novo, we do not review de novo the determination of probable cause by the issuing judge or magistrate." United States v. Perrine, 518 F.3d 1196, 1201 (10th Cir. 2008). "Rather, a state judge's decision to issue a warrant is entitled to great deference, and we need only ask whether, under the totality of the circumstances presented in the affidavit, the [state] judge had a substantial basis for determining that probable cause existed." Id. (internal quotation marks omitted).

Even assuming, for purposes of argument, that we were to agree with Rauch that the affidavit failed to provide sufficient probable cause for issuance of the search warrant, we would nonetheless affirm the district court's alternative conclusion that the good faith exception to the exclusionary rule applies. The good faith exception was recognized by the Supreme Court in United States v. Leon, 468 U.S. 897 (1984). The exception applies where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Id. at 920. In such situations, the Court explained, "an officer cannot be expected to question the [issuing] magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient," and thus, "[p]enalizing the officer for the magistrate's error . . .

5

cannot logically contribute to the deterrence of Fourth Amendment violations." Id. at 921.

After reviewing the record on appeal, we are persuaded that those are precisely the circumstances presented here. That is, even if the state district judge who issued the search warrant erred in his probable cause determination, the record firmly establishes that affiant Bishop was acting in good faith when she sought the search warrant. Further, nothing in the record indicates that Bishop and her fellow officers who executed the search warrant acted outside the scope of the search warrant. Although Rauch argues that Bishop and her fellow officers lacked reasonable grounds for believing that the warrant was properly issued, we disagree. The statements in the affidavit established that two confidential informants, including one of whom had a history of providing reliable information, had observed Rauch selling methamphetamine from the residence identified in the affidavit, and that the police themselves had surveilled the residence shortly prior to preparation of the affidavit and observed a volume and pattern of foot and automobile traffic consistent in their experience with drug distribution. In our view, nothing about this information would have caused a "reasonably well trained officer" to question the legality of the warrant. Id. at 922.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge