FILED
United States Court of Appeals
Tenth Circuit

February 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANTHONY JOHN COLLINS, a/k/a
Tony,

     Defendant - Appellant.

No. 09-5105
(D.C. Nos. 09-CV-00278-JHP-FHM
and 4:06-CR-00067-JHP-1)
(N.D. Okla.)

---

ORDER
DENYING CERTIFICATE OF APPEALABILITY

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Anthony John Collins, a federal inmate, seeks a

certificate of appealability (COA) allowing him to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The district court denied the motion as time-barred under the one-year limitation

period of § 2255(f). Aplt. App. 26-30. Because we determine that Mr. Collins

has not made "a substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84,(2000), we deny a

COA and dismiss the appeal.

On June 30, 2006, Mr. Collins pled guilty to conspiracy to possess with

intent to distribute controlled substances (Case No. 06-CR-00033) and possession of a firearm in furtherance of drug trafficking (Case No. 06-CR-00067). He was sentenced to 168 months' imprisonment in Case No. 06-CR-00033 to run consecutively to 60 months' imprisonment in Case No. 06-CR-00067. He was also ordered to serve five years' supervised release and to pay a fine of $1,500 in each case. Mr. Collins appealed the sentence in the conspiracy case, and this court affirmed. United States v. Collins, 267 F. App'x 744 (10th Cir.), cert. denied, 128 S. Ct. 2459 (2008). He did not appeal the conviction or sentence in the firearm case.

Under 28 U.S.C. § 2255(f)(1), Mr. Collins had one year from "the date on which the judgment of conviction bec[ame] final" to file his motion. The judgment of conviction in the firearm case was entered on November 17, 2006. Doc. 30. The judgment of conviction became final ten days later on December 4, 2006 when his time for direct appeal expired. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a)(2) (excluding weekends and holidays from time computation); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Mr. Collins had until December 4, 2007 to file his motion. Because Mr. Collins did not file his § 2255 motion until May 13, 2009, the district court's determination that it was time-barred is not reasonably debatable.

Relying on § 2255(f)(4), Mr. Collins argues that his motion is timely filed because the limitation period should run from "the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence," here March 2009, when he discovered that his counsel was ineffective. In support of this claim, Mr. Collins explains that a 12-gauge shotgun was found in the closet of his room, which contained suspected controlled substances, chemicals and drug paraphernalia. Aplt. App. 14. A working methamphetamine lab was found in a shed apart from the house. Id. According to Mr. Collins, there was an insufficient factual basis for his plea because the firearm was not in furtherance of a drug trafficking crime; he merely possessed the firearm for hunting rabbits as he told one of the agents. See United States v. Iiland, 254 F.3d 1264, 1274 (10th Cir. 2001) ("in furtherance" element requires that the gun promote or advance unlawful drug activity).

Though Iiland is readily distinguishable based upon its facts, see United States v. Mitten, —F.3d—, 2010 WL 174218, at *9 (7th Cir. Jan. 20, 2010), we need not go down that path. Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law generally will not excuse an untimely § 2255 filing). Thus, this case is distinguishable from United States v. Lopez, 194 F. App'x 511, 513 (10th Cir. 2006), where we remanded for the district court to determine at what point the defendant should have discovered that his attorney did not file a § 2255 motion. See also United States v. Weathersby, Nos. 98-20076-30 & 08-2081, 2008 WL

3884320, at *1 (D. Kan. Aug. 18, 2008) (once defendant learned that counsel failed to file a § 2255 motion, the limitation period under § 2255(f)(4) began running). It is also distinguishable from Johnson v. United States, 544 U.S. 295, 310 (2005), where the Court held that § 2255(f)(4) applied to vacatur of a state conviction used to enhance a federal sentence, provided the defendant pursued vacatur diligently after the imposition of the federal sentence. All of these situations involve learning about external facts—counsel's failure to file a motion or the vacatur of a state conviction. In contrast, this case involves understanding the legal significance of historical facts.

The district court's conclusion that equitable tolling does not apply also is not reasonably debatable. Equitable tolling requires a petitioner to show extraordinary circumstances and diligence. Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances might exist when a litigant has filed a defective pleading within the limitations period or has been actively misled so as to miss the limitations period. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Mr. Collins contends that he only learned of his ineffective assistance of counsel claim when he was able to hire new counsel and that he filed his motion promptly thereafter. Yet we have repeatedly held that a lack of awareness of the law or lack of assistance in collateral review does not constitute the type of extraordinary circumstances warranting equitable tolling. See Yang v. Archuleta, 525 F.3d 925, 929-30 (10th

Cir. 2008);  Gibson v. Klinger, 232 F.3d 799, 808  (10th Cir. 2000); Marsh, 223 F.3d at 1220.

We DENY a COA and IFP status, and we DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge