FILED
United States Court of Appeals
Tenth Circuit

March 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN KELLY RAUCH,

    Defendant - Appellant.

No. 12-5208
(D.C. Nos. 4:12-CV-00299-GKF-PJC
and 4:07-CR-00101-GKF-1)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Brian Kelly Rauch, a federal inmate appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court dismissed the motion as untimely. Because Mr. Rauch has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss this appeal.

In 2007, Mr. Rauch entered a conditional plea of guilty to one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and was sentenced to ninety months' imprisonment and three years' supervised release. R. 2, 48. We affirmed the district court's denial

of Mr. Rauch's motion to suppress evidence.  United States v. Rauch, 282 F.

App'x 730, 730 (10th Cir. 2008).  On October 20, 2008, the Supreme Court

denied Mr. Rauch's petition for writ of certiorari.  Rauch v. United States, 555

U.S. 979 (2008).

Nearly three years later, on September 6, 2011, Mr. Rauch filed a motion to

dismiss the indictment on the basis of "newly discovered evidence" that the police

committed perjury in preparing the search warrant in his case.  R. 10–23.  Mr.

Rauch then filed the instant § 2255 motion on May 23, 2012, and later asked that

his motion to dismiss the indictment be treated as a legal memorandum for the §

2255 motion.  R. 32–42.  The district court granted the request to incorporate the

motion to dismiss, but denied the § 2255 motion as time-barred.  R. 46–51.  On

October 9, 2012, Mr. Rauch filed a Rule 59(e) motion for reconsideration, arguing

that the court had overlooked his Rule 60(b)(2) argument based on newly

discovered evidence.  R. 52–54.  The district court construed the Rule 60(b)(2)

argument as a motion for a new trial under Federal Rule of Criminal Procedure

33(b)(1), and denied the motion as untimely.  R. 55–56.  This appeal followed.

A COA requires that an applicant make "a substantial showing of the denial

of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district

court dismisses a § 2255 motion on procedural grounds, the movant must

demonstrate that it is reasonably debatable whether (1) the motion states a valid

claim of the denial of a constitutional right and (2) the district court's procedural

ruling is correct.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Section 2255 contains a one-year limitations period which runs from the date a conviction is deemed final.  28 U.S.C. § 2255(f)(1).  Mr. Rauch's conviction became final on October 20, 2008, the date the Supreme Court denied his petition for writ of certiorari.  See Rauch v. United States, 555 U.S. 979 (2008).  He therefore had until October 20, 2009, to file his § 2255 motion.  Mr. Rauch's § 2255 motion, filed May 23, 2012, was untimely.

Mr. Rauch relies on § 2255(f)(4) and argues that his motion is timely filed because the limitations period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  R. 57–58.  For this argument to succeed, Mr. Rauch must show that he was unable to discover the basis for his claim prior to May 23, 2011, which is one year before he filed his § 2255 motion.  However, on appeal, Mr. Rauch fails to explain what, if anything, prevented him from discovering his claim until that point.  His appellate brief instead addresses the merits of his argument—the allegedly false information in the search warrant.  See Aplt. Br. 1–5.  Moreover, Mr. Rauch admits he first learned that officers were allegedly fabricating warrants in December 2009, and even contacted counsel in October 2010, R. 15, thus he discovered the basis for his claim before May 23, 2011.

For similar reasons, the district court's conclusion that equitable tolling does not apply is not reasonably debatable.  For equitable tolling to apply, the

- 3 -

movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quotation omitted). However, as the district court correctly found, the temporary prison lock down and Mr. Rauch's other legal issues do not qualify as extraordinary circumstances. R. 49. Moreover, Mr. Rauch's decision to delay filing his § 2255 motion in order to collect more information to bolster his claim does not constitute due diligence.

Finally, to the extent Mr. Rauch appeals the denial of his Rule 59(e) motion, we find the district court did not abuse its discretion in construing the motion as one for a new trial under Federal Rule of Criminal Procedure 33(b)(1) and finding the motion untimely. Under Rule 33(b)(1), a request for a new criminal trial based on newly discovered evidence must be filed "within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Mr. Rauch pleaded guilty in 2007 and did not file his Rule 59(e) motion until October 9, 2012, which is well beyond the three-year period.

We DENY a COA, DENY in forma pauperis status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 4 -