FILED
United States Court of Appeals
Tenth Circuit

**February 24, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LELAND HINES,

Defendant - Appellant.

No. 14-1344
(D.C. Nos. 1:13-CV-02378-WYD and
1:08-CR-00165-WYD-1)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Appellant Leland Hines seeks a certificate of appealability to appeal the district

court's dismissal of his 28 U.S.C. § 2255 habeas petition as time-barred.

In 2010, Appellant pled guilty to one count of armed robbery in violation of 18

U.S.C. § 2113(a) and (d) and one count of using a firearm during a crime of violence in

violation of 18 U.S.C. § 924(c). On September 27, 2010, he was sentenced to a total

sentence of 106 months' imprisonment. Appellant did not file a direct appeal of his

conviction and sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On August 30, 2013, Appellant filed a motion under § 2255 seeking resentencing based on the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. 1 (2013). In his habeas petition, he acknowledged that his judgment of conviction became final in 2010. However, he asserted that the one-year statute of limitations for habeas petitions should not bar his § 2255 motion because he was filing this motion under § 2255(f)(3), which provides that the one-year limitation period may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The district court concluded that Appellant's motion was untimely under § 2255(f). The court noted that § 2255(f)(3) applies only when a constitutional right (1) has been newly recognized by the Supreme Court, and (2) has been made retroactively applicable to cases on collateral review. While the first of these elements is satisfied by the Supreme Court's *Alleyne* decision, the right recognized in *Alleyne* has not been made retroactively applicable to cases on collateral review. Accordingly, § 2255(f)(3) does not apply, and Appellant's motion was untimely under § 2255(f). The district court also concluded that Appellant had not demonstrated an entitlement to equitable tolling, and the court therefore dismissed the § 2255 motion as time-barred.

In his application for a certificate of appealability, Appellant argues the district court should have found his motion timely under § 2255(f)(3) and/or § 2255(f)(4), since the right he is raising was not recognized until the Supreme Court issued its decision in

*Alleyne*.  However, the district court's holding that Appellant's motion was untimely "could not be questioned by any reasonable jurist."  *United States v. Hoon*, 762 F.3d 1172, 1173 (10th Cir. 2014).  The *Alleyne* decision has not been made retroactively applicable, and it does not constitute a newly discovered fact under § 2255(f)(4).

Appellant also argues the district court erred in dismissing his petition without providing him a chance to argue he was entitled to equitable tolling.  Appellant asserts that, had the district court provided him with an opportunity to raise equitable tolling arguments, he would have argued he was entitled to equitable tolling because (1) after sentencing, he was under the impression that trial counsel was in the process of filing a direct appeal on his behalf, and he only discovered she had not done so after the time for filing a notice of appeal had expired; and (2) due to counsel's advice, he believed he could not file a direct appeal under the terms of his plea agreement.  Both of these contradictory arguments are themselves contradicted by Appellant's § 2255 motion, in which he asserted that he did not file an appeal because his "[a]ttorney advised [him] that there were no obvious claims that justified filing an appeal on [his] behalf."  (R. at 35.)  Moreover, even if we were to credit either of Appellant's equitable tolling arguments, they do nothing to establish that he pursued his claims with due diligence during the almost three years that passed between his sentencing and his filing of the habeas motion in 2013.

After thoroughly reviewing Appellant's brief and the record on appeal, we conclude that reasonable jurists would not debate the district court's denial of the habeas

motion as time-barred.  We accordingly **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.  Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge