FILED
United States Court of Appeals
Tenth Circuit

July 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JEFFERY A. HOLDEN,

      Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

      Respondent-Appellee.

No. 15-6065
(D.C. No. 5:14-CV-00174-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**
_____

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.
_____

Jeffery Holden, an Oklahoma state prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition, claiming actual innocence and

ineffective assistance of counsel. We construe pro se filings liberally. See Garza v.

Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). The district court dismissed Holden's

petition as untimely. Holden now asks us to grant him a COA and hear his appeal. He

also seeks permission to proceed *In Forma Pauperis*.

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Holden argues his counsel coerced him into pleading guilty by misrepresenting the strength of the government's DNA evidence against him. Magistrate Judge Goodwin explained precisely why Holden's petition is untimely in a thorough Report and Recommendation, which the district court adopted. And Holden essentially concedes his petition is untimely under 28 U.S.C. § 2244(d)(1). But he believes he is entitled to equitable tolling of the limitations period because he provides new evidence of his actual innocence. Moreover, Holden argues the court erroneously considered timeliness an absolute bar in denying his actual innocence claim.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" even where the § 2244(d)(1) limitations period has expired. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). But a tenable actual-innocence gateway claim requires a petitioner to persuade the district court that, in light of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 133 S. Ct. 1924 at 1928. Critically, "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 615 (1998).

Holden's COA application asserts that he originally pleaded guilty because his counsel told him the prosecution had a positive DNA match tying him to the crimes at

issue, but he later found out that this DNA evidence did not definitively "match" him to the crime. Rather, the DNA sample was a mixture from which Holden could not be confirmed or excluded as a potential contributor.

Even assuming the 2005 DNA report that Holden relies on could be construed as "new," it does not meet the requirements of Schlup, and McQuiggin. The DNA report is neither exculpatory nor critical evidence—it is simply inconclusive. Moreover, the record indicates that this DNA "match" was but one piece of the "overwhelming evidence" against Holden. Holden makes no effort to show that this other overwhelming evidence could not establish his guilt. As such, he has failed to establish that, in light of the inconclusive nature of the DNA report, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 133 S. Ct. 1924 at 1928. Moreover, to the extent Holden argues he would not have pleaded guilty had he known the DNA results were inconclusive, this claim goes to legal sufficiency, not factual innocence. See Bousley, 523 U.S. at 615.

Given that Holden does not provide a legally sufficient claim of actual innocence, McQuiggin's analysis as to the timeliness of an actual-innocence gateway claim is irrelevant. Rather, Holden is bound by the one-year limitations period in § 2244(d)(1). His petition is clearly untimely under § 2244(d)(1) and he is not entitled to statutory or equitable tolling. In sum, Holden's reliance on this "new" inconclusive DNA report is a frivolous attempt to breathe life into a clearly untimely petition. Accordingly, Holden's

request for a COA is DENIED, his appeal is DISMISSED, and his Motion to Proceed *In Forma Pauperis* is DENIED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge