**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LESLIE SUSAN HARRISON,

    Defendant - Appellant.

No. 16-5167
(D.C. Nos. 4:16-CV-00540-CVE-FHM
and 4:12-CR-00016-CVE-1)
(N.D. Oklahoma)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Leslie Susan Harrison, a federal prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) to challenge the district court's denial of her 28 U.S.C.

§ 2255 application. Ms. Harrison also requests leave to proceed in forma pauperis.

Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that reasonable jurists

would not find it debatable whether the district court was correct in denying

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Harrison is proceeding pro se, we construe her filings liberally. _See Ogden v. San Juan Cty._, 32 F.3d 452, 455 (10th Cir. 1994). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as [her] advocate." _United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009).

Ms. Harrison's § 2255 motion as untimely. Accordingly, we deny the COA, grant the motion to proceed in forma pauperis, and dismiss the appeal.

## I.     BACKGROUND

Following a jury trial in June 2012, Ms. Harrison was found guilty of conspiracy to manufacture and distribute fifty or more grams of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. The district court sentenced Ms. Harrison to 360 months' imprisonment, and she appealed to this court. We vacated the sentence and remanded for resentencing. *United States v. Harrison*, 743 F.3d 760 (10th Cir. 2014). On remand, the district court sentenced Ms. Harrison to 136 months' imprisonment. Ms. Harrison again appealed, but on January 30, 2015, we affirmed her sentence. *See United States v. Harrison*, 591 F. App'x 684 (10th Cir. 2015) (unpublished). Ms. Harrison did not seek rehearing or file a petition for writ of certiorari.

On August 15, 2016, Ms. Harrison filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 and Amendment 794 of the United States Sentencing Commission Guidelines Manual. The district court first denied the motion as untimely, concluding Ms. Harrison's time to file a § 2255 motion expired on April 30, 2016. Second, the court concluded Amendment 794 is "not retroactive under the sentencing guidelines, federal statutes, or Tenth Circuit precedent" and "may not serve as the basis on which to reduce [Ms. Harrison's] sentence." Ms. Harrison timely appealed.

2

## II.    ANALYSIS

Ms. Harrison seeks a COA to challenge the district court's order denying her 28 U.S.C. § 2255 petition as untimely. "The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). Where, as here, the district court's decision rests on procedural grounds, we will issue a COA only if the petitioner "demonstrate[s] both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because we conclude jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, we need not decide whether the petition states a valid claim of the denial of a constitutional right.

The district court ruled the § 2255 motion untimely under 28 U.S.C. § 2255(f). This section establishes a one-year statute of limitations for filing a § 2255 motion, running from the latest of four possible dates. 28 U.S.C. § 2255(f)(1)–(4). The district court determined § 2255(f)(1) applied to Ms. Harrison's motion—the date of the final judgment of conviction. If a petitioner does not file a petition for writ of certiorari with the United States Supreme Court after her direct appeal, the judgment becomes "final" and the one-year clock starts when "the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). The

time for filing a petition for writ of certiorari expires ninety days after entry of the judgment. Sup. Ct. R. 13.1. Because Ms. Harrison did not file a petition for writ of certiorari, her one-year clock began running on April 30, 2015, ninety days after we affirmed her sentence on January 30, 2015. Thus, her time to file a § 2255 motion expired on April 30, 2016. She did not file her motion until August 15, 2016, which was untimely.

In seeking a COA, Ms. Harrison does not dispute that her § 2255 motion was untimely under § 2255(f)(1), but contends the district court erred in failing to consider her motion under § 2255(f)(4), which provides that the statute of limitations begins to run on "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(f)(4). She claims that Amendment 794 of the United States Sentencing Commission Guidelines Manual constitutes a "new fact" not discovered until the date the amendment went into effect—November 1, 2015—and accordingly, her petition was timely filed because it was filed before November 1, 2016.

But Ms. Harrison cites no authority to support her assertion that an amendment to the sentencing guidelines constitutes a "fact" that would reset the one-year statute of limitations under § 2255(f)(4). A change or clarification of controlling law is not a "fact" within the meaning of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)."); *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (state supreme court's clarification of the law is not a

4

"factual predicate" under § 2255(f)(4)); *E.J.R.E. v. United States*, 453 F.3d 1094, 1097–98 (8th Cir. 2006) (a federal court of appeals decision is not a discoverable fact under § 2255(f)(4)); *Shannon v. Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005) (state supreme court's decision is not a "fact" entitling application of § 2255(f)(4)); *United States v. Pollard,* 161 F. Supp. 2d 1, 10 (D.D.C. 2001) (concluding § 2254(f)(4) "is only triggered when a defendant discovers facts, not the legal consequences of those facts"); *United States v. Hines*, 592 F. App'x 755, 756 (10th Cir. 2015) (unpublished) (holding a Supreme Court decision "does not constitute a newly discovered fact under § 2255(f)(4)").

An exception to this rule, as detailed in *Johnson v. United States*, provides that the vacatur of a prior conviction enhancing a defendant's sentence is a "fact" under § 2255(f)(4) that resets the statute of limitations. 544 U.S. 295, 302 (2005); *cf. United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996) ("If a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences.").

Here, the district court found Ms. Harrison did not "identify any facts that could not be discovered until months after her sentence was finalized," and "all the facts related to her sentence were necessarily available at her resentencing in 2014." Amendment 794 to the sentencing guidelines is not a "fact" relating to Ms. Harrison's criminal history and does not otherwise allow her to invoke § 2254(f)(4). *United States v. Bazaldua*, Nos. 06-CR-0100 (JNE/JSM) & 16-CV-2479 (JNE), 2016 WL 5858634, at *1 (D. Minn. Oct. 5, 2016) (unpublished) ("Amendment 794 to the

5

Sentencing Guidelines . . . is not a basis for Bazaldua to invoke § 2255(f)(4)."). Therefore, because we conclude reasonable jurists could not debate whether the district court correctly applied the date of the final judgment of conviction, *see* 28 U.S.C. § 2255(f)(1), we deny Ms. Harrison a COA.[2]

As a final matter, we turn to Ms. Harrison's motion to proceed in forma pauperis on appeal. After reviewing Ms. Harrison's affidavit in support of her motion, we conclude she has demonstrated "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). We therefore grant her request to proceed in forma pauperis on appeal.

**CONCLUSION**

Reasonable jurists could not debate whether the district court correctly dismissed Ms. Harrison's § 2255 petition as untimely. Accordingly, we DENY her request for a COA and DISMISS the appeal. We also GRANT Ms. Harrison's motion to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge

---

[2] We do not address whether Amendment 794 should be retroactively applied to Ms. Harrison's sentence under 18 U.S.C. § 3582(c) because she has waived this argument.

6