**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JAMES MCABEE,

　　　　Defendant - Appellant.

No. 16-8033
(D.C. Nos. 2:15-CV-00122-ABJ and
2:12-CR-00024-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

　　James McAbee, a federal prisoner proceeding pro se,[1] wants to appeal from the

denial of his 28 U.S.C. § 2255 motion as untimely. His request for a certificate of

appealability (COA) was denied by the district judge, prompting him to reapply in this

Court. Because he has not "made a substantial showing of the denial of a constitutional

right," *see* 28 U.S.C. § 2253(c)(2), we too deny a COA.

## I. Background

　　McAbee had child pornography on his computer as well as FrostWire, a peer-to-

peer file-sharing program. On September 19, 2011, an agent with the Wyoming Division

---

[1] McAbee was released from prison on July 26, 2016. But he has 12 years of
supervised release yet to serve.

of Criminal Investigation used a peer-to-peer program to download one still image from McAbee's computer. The image showed an adult male engaging in anal intercourse with a prepubescent female. A subsequent search of McAbee's computer (with a warrant) on November 7, 2011, revealed 203 still images and one video of child pornography in the computer's "unallocated space."[2]

McAbee was indicted for possession of child pornography (Count 1) and distribution of child pornography (Count 2). *See* 18 U.S.C. § 2252A(a)(2), (a)(5)(B). He pled guilty to both counts and was sentenced to 65 months imprisonment. Judgment was entered July 26, 2012. Although he did not waive his right to appeal, McAbee did not pursue one. Thus, his conviction became final on August 9, 2012. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final [for purposes of § 2255(f)(1)] upon the

---

[2] When files are "deleted" from a computer, they are not actually erased from the hard drive. They are just reconfigured so they can be overwritten with new data. Both empty space on the hard drive and reconfigured (deleted) files make up what is called "unallocated space."

> "Unallocated space" is
>
> space on a hard drive that contains deleted data, usually emptied from the operating system's trash or recycle bin folder, that cannot be seen or accessed by the user without the use of forensic software. Such space is available to be written over to store new information. Even if retrieved, all that can be known about a file in unallocated space (in addition to its contents) is that it once existed on the computer's hard drive. All other attributes—including when the file was created, accessed, or deleted by the user—cannot be recovered.

*United States v. Flyer*, 633 F.3d 911, 918 (9th Cir. 2011); *see also United States v. Haymond*, 672 F.3d 948, 952 n.8 (10th Cir. 2012) ("The unallocated space of a computer's hard drive consists of files which do not have a formal file structure and can include deleted files. It is where deleted data is stored before it is then overwritten with new data." (quotation marks omitted)).

expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A) (in general, a notice of appeal in a criminal case must be filed within 14 days of the entry of judgment).

Almost three years later, on July 27, 2015, McAbee filed this § 2255 motion. Pertinent here, he argued counsel was ineffective for failing to discover relevant case law and exculpatory evidence.[3] He blamed the delay in filing his motion on his inexperience with the law. He also argued the statute of limitations should be equitably tolled because he is actually innocent and statutorily tolled under § 2255(f)(4) (newly discovered evidence).

The district judge dismissed the motion as untimely because it was not filed within one year from the date his conviction became final. 28 U.S.C. § 2255(f)(1). He concluded McAbee's ignorance of the law did not warrant equitable tolling. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) ("Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." (quotation marks omitted)); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation marks omitted)). He did not address McAbee's actual innocence claim or statutory tolling argument.

---

[3] McAbee raised two other ineffective assistance of counsel claims but they are irrelevant because he has not mentioned them in his COA application.

## II. Discussion

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds without reaching the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

About one thing there can be no reasonable debate among jurists: McAbee's § 2255 motion is untimely and he is not entitled to equitable tolling based on ignorance of the law. *See Marsh*, 223 F.3d at 1220. Had the judge addressed his other tolling arguments they would have afforded him no relief because they are clearly without merit; they are not even reasonably debatable.

### A. Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or  . . . expiration of the statute of limitations." *See McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Perkins*, 133 S. Ct. at 1928. This is particularly so in cases like this one, where McAbee knowingly and voluntarily pled guilty. In fact, this case may be the

- 4 -

epitome of the "rarely successful" observation.

McAbee claims he is actually innocent because he lacked the requisite mens rea. He says he could not have knowingly possessed the images or video found in the unallocated space of his computer (Count 1) because this space cannot be accessed without the use of special forensic software. He relies on *United States v. Schaefer*, where we noted in a footnote that the district court had not convicted Schaefer (after a bench trial) for possessing the images found in the unallocated space of his computer because (1) the government offered no evidence showing he knew the computer contained the images and therefore there was no evidence he had control over them; and (2) even if he possessed those images at one time, the government did not establish that he possessed them during the time frame charged in the indictment. 501 F.3d 1197, 1199 n.5 (10th Cir. 2007), *overruled on other grounds by United States v. Sturm*, 672 F.3d 891 (10th Cir. 2012); *see also United States v. Flyer*, 633 F.3d 911, 919-20 (9th Cir. 2011) (reversing possession of child pornography conviction—government presented no evidence Flyer knew of the images found in his computer's unallocated space or that he had the forensic software required to access them and the fact that the images had been on the computer at some point in time does not establish possession on the date indicated in the indictment).

McAbee also claims he did not knowingly distribute the image downloaded by the agent (Count 2). He relies on a news release from the Federal Trade Commission (FTC) reporting that FrostWire, the peer-to-peer file-sharing program McAbee used (at least in this case), agreed to settle FTC charges that it misled its consumers into believing their

files were not being shared with others, when in fact, they were.

But unlike the defendants in *Schaefer* and *Flyer* who went to trial, McAbee pled guilty. Thus the high hurdle he faces in showing actual innocence becomes even higher. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, . . . [h]e may only attack the voluntary and intelligent character of the guilty plea . . . .").

During the plea colloquy, he admitted to the elements of the offenses, including that he <u>knowingly</u> possessed child pornography on or about November 7, 2011, and <u>knowingly</u> distributed child pornography on or about September 19, 2011. He was told that to act "knowingly" a person must "know what they're doing, acting voluntarily and not because of mistake, accident, or some innocent reason." (D. Ct. Doc. 38 at 19.) He was also told that possession can be sole, joint, or constructive but defined each to require "the ability to control an object." (*Id*.) Importantly, he admitted to having installed a file-sharing software program (FrostWire) on his computer and he offered no objection when, in detailing the factual basis for the distribution charge, the government explained: "Mr. McAbee certainly understood how the file-sharing software worked. *He understood the files were being shared from his computer to other computers that were using the same type of software*." (*Id*. at 22 (emphasis added).) The judge found McAbee to be competent and his guilty pleas to be knowing and voluntary. His admission of guilt to Counts 1 and 2 belie late blooming claims of not knowingly possessing and distributing child pornography. *See O'Bryant v. Oklahoma*, 568 F. App'x 632, 637 (10th Cir. 2014)

- 6 -

(unpublished) ("[In addressing an actual innocence claim,] we may take into account the fact that the petitioner's conviction was based on a guilty plea predicated on the petitioner's representations of competence and voluntariness, and findings by the court."); *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished) ("While [Johnson] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty.").[4]

Moreover, a viable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Perkins*, 133 S. Ct. at 1928 ("A petitioner does not [establish actual innocence] unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.") (emphasis added) (quotation marks omitted). McAbee has pointed to no new evidence—just case law in existence at the time of his

_____

[4] While McAbee claims he would not have pled guilty had he known about *Schaefer*, *Flyer*, and the press release, this claim goes to legal insufficiency, not factual innocence. *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("A claim that [a] guilty plea was involuntary does not assert that he did not commit the crime to which he pleaded guilty."); *see also Holden v. Addison*, 606 F. App'x 469, 470 (10th Cir. 2015) (unpublished) ("[T]o the extent Holden argues he would not have pleaded guilty had he known the DNA results were inconclusive, this claim goes to legal sufficiency, not factual innocence."). Moreover, he faults his counsel for not alerting him to *Schaeffer* and *Flyer* and not discovering the FTC's press release. But these arguments reiterate the ineffective assistance of counsel claims raised in his § 2255 motion. We cannot consider them because they are untimely and, as we explain, he has failed to excuse that untimeliness.

guilty plea and a press release dated October 11, 2011, one month prior to McAbee's arrest and almost six months prior to his guilty plea.[5] *See Perkins*, 133 S. Ct. at 1935 (although habeas petitioners asserting credible actual innocence claims need not prove diligence, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing").

Finally, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotation marks omitted). Both *Schaefer* and *Flyer* involved the latter. And neither case establishes McAbee's claimed innocence. Additionally, McAbee's <u>claimed inability to access</u> the images and video in his computer's unallocated space without special software says nothing of his ability to possess those items when they <u>were</u> on his computer's hard drive or that he did not possess them "[o]n or about November 7, 2011" or distribute them "[o]n or about September 19, 2011," the time frames alleged in the indictment.[6] (D. Ct. Doc. 1 at 1.) He makes no claim and provides no evidence of having purchased a used computer,

---

[5] Even assuming that for Count 1 he is relying on the fact the images and video were found on his computer's unallocated space and that space cannot be accessed without special software, there is nothing "new" about that evidence. The prosecutor's statement, filed on the date of his plea, noted that the images and video were found in the unallocated space of McAbee's computer. Therefore, McAbee knew before his guilty plea (if not earlier) that the images and video were found on his computer's unallocated space. And there is nothing "new" about the nature of a computer's unallocated space, i.e., that it contains deleted material and cannot be accessed without special software.

[6] The software is readily available online. *See*, *e.g.*, http://www.undelete360.com/; http://www.ntfsundelete.com/; http://www.officerecovery.com/freeundelete/. Programs to delete one's entire Internet browsing history and temporary Internet files are also available online. *See*, *e.g.*, http://www.deletehistoryfree.com/; http://www.cybertronsoft.com/products/privacy-eraser/; http://clear-all-history.en.softonic.com/.

others having had access to his computer, or his computer having been infected with malware.

Similarly, the press release does not demonstrate he did not knowingly distribute child pornography—while FrostWire may have misled its consumers, McAbee has not set forth any evidence showing he was so misled. Moreover, "[a] defendant's placement of child pornography files into a shared folder accessible to other users [is] itself sufficient for the trier of fact to conclude that the defendant had 'distributed' the material." *United States v. Dunn*, 777 F.3d 1171, 1175 (10th Cir. 2015); *see also United States v. Shaffer*, 472 F.3d 1219, 1223-24 (10th Cir. 2007) (while defendant "may not have actively pushed pornography" on other users of the file-sharing program, "he freely allowed them access to his computerized stash of images and videos and openly invited them to take, or download, those items"; this is sufficient to convict defendant of distribution). McAbee admitted as much at his change of plea hearing.

In the end, McAbee's actual innocence claim comes down to this—not that he is in fact innocent but rather that the government did not show he knowingly possessed and distributed child pornography. But while the government would have carried the burden of proof at a trial, he bears the burden to show he is in fact actually innocent by pointing to some new evidence demonstrating so. *Schlup*, 513 U.S. at 327 (burden is on petitioner to establish actual innocence). None of the evidence he points to is new or exculpatory and none of it overcomes his knowing and voluntary guilty plea.

*B. Statutory Tolling*

McAbee tells us his motion is timely filed under § 2255(f)(4). That statute starts

the one-year limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." For this argument to succeed, he must show that he was unable to discover the basis for his ineffective assistance of counsel claims prior to July 27, 2014, one year prior to filing his § 2255 motion. *United States v. Rauch*, 520 F. App'x 656, 657 (10th Cir. 2013) (unpublished).

McAbee's ineffective assistance claims are based on counsel's failure to alert him to *Schaefer* and *Flyer* and for not discovering the FTC's press release. But *Schaefer* and *Flyer* were decided in 2007 and 2011, respectively. He does not explain in his COA application why he did not discover these cases prior to July 27, 2014. Moreover, "[§] 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (unpublished). McAbee knew on the date of his plea that the images and video were found in the "unallocated space" of his computer. *See supra* n.5. While *Schaefer* and *Flyer* may have helped him understand the legal significance of those historical facts, that is insufficient under § 2254(f)(4). *Collins*, 364 F. App'x at 498; *see also United States v. Azubuike*, 267 F. App'x 731, 732 (10th Cir. 2008) ("[T]he availability of a [§] 2255(f)(4) limitations period is expressly limited to cases where 'facts'—not law—are newly discovered. Mr. Azubuike has always known all of the facts that support his claim for ineffective assistance . . . . What Mr. Azubuike (allegedly) did not discover until July 2007 was the *legal* basis on which such actions by his counsel could be deemed to comprise ineffective assistance. But, under [§] 2255's plain terms

- 10 -

and our controlling precedents, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing of [§] 2255 motions.") (quotation marks omitted).

As to the press release, McAbee claims that he asked his stepfather to send him his FrostWire user agreement in early May 2015. Instead, his stepfather sent him the press release. He received it on May 26, 2015. He claims he could not have discovered it earlier because he was incarcerated. But the press release is dated a month before his arrest and incarceration. And he admits his stepfather was able to discover it in a 30-minute basic Internet search. Moreover, he provides no explanation for why it took him until May 2015 to request his user agreement, which led to the discovery of the press release. This is not due diligence under § 2255(f)(4).

So there is no misunderstanding: none of McAbee's arguments offer grounds upon which reasonable jurists might disagree as to the propriety of the result reached by the district judge. Since he pled guilty, the cases upon which he relies offer him no comfort.

We **DENY** a COA and **DISMISS** this putative appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 11 -