**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEGA LESTARI SETIYANINGSIH,

Defendant - Appellant.

No. 22-8066
(D.C. Nos. 2:22-CV-00169-NDF &
1:19-CR-00198-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner-Appellant Mega Lestari Setiyaningsih, an inmate proceeding pro se,

seeks to appeal from the district court's order dismissing her 28 U.S.C. § 2255 motion

claiming ineffective assistance of counsel as untimely.  Setiyaningsih v. United States,

No. 22-CV-169, 2022 WL 5240203 (D. Wyo. Aug. 30, 2022).  A COA is a jurisdictional

prerequisite to our appellate review.  28 U.S.C. § 2253(c)(1)(B); Miller-El v. Cockrell,

537 U.S. 322, 336 (2003).  We deny a COA and dismiss the appeal.

Where a district court has denied a § 2255 motion on procedural grounds, a

movant must show that the district court's procedural ruling would be debatable among

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasonable jurists and that the underlying constitutional claim is likewise debatable. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, we need only address the procedural ruling.

## Background

Ms. Setiyaningsih pled guilty in a written plea agreement to possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (Count Two) and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count Three). 2 R. 6. The district court imposed a sentence of 120 months imprisonment on Count Two and 60 months imprisonment on Count Three, consecutively, and a concurrent term of five years supervised release on both counts. 1 R. 18–20. Ms. Setiyaningsih did not appeal, but later moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the district court denied and this court affirmed. See United States v. Setiyaningsih, No. 21-8093, 2022 WL 2160001 (10th Cir. June 15, 2022).

On August 1, 2022, Ms. Setiyaningsih filed the instant motion claiming that her constitutional right was violated by her attorney's incorrect advice that despite pleading guilty to the firearm conviction, she would remain eligible for good time credits under the First Step Act (FSA). 3 R. 3, 6, 17–18; see 18 U.S.C. § 3632(d)(4)(D)(xxii). The district court dismissed the § 2255 motion as untimely, given Ms. Setiyaningsih had filed her motion more than one year after final judgment had been reached and had not set forth viable facts supporting statutory or equitable tolling. See 3 R. 56–65.

2

**Discussion**

The district court's holding that the motion was time-barred by the one-year limitation period under § 2255(f) is not reasonably debatable. Final judgment was entered on June 1, 2020, and the judgment became final in mid-June 2020 when the time to appeal expired. 1 R. 18; United States v. Prows, 448 F.3d 1223, 1227–28 (10th Cir. 2006). Yet, Ms. Setiyaningsih did not file her motion until August 1, 2022, well after the one-year limitations period had concluded.

Ms. Setiyaningsih argues nonetheless that the one-year limitations period should be statutorily tolled because she did not know she was ineligible for FSA credits until she met with her BOP case team on May 16, 2022. See 28 U.S.C. § 2255(f)(4). Section 2255(f)(4) applies when new facts not previously discoverable come to light — not when a movant becomes newly aware of "the legal significance of those facts." E.g., United States v. Collins, 364 F. App'x 496, 498 (10th Cir. 2010) (unpublished). Thus, it is not clear that Ms. Setiyaningsih proffers a fact at all, let alone a new one (the First Step Act, including the relevant provisions, became law in 2018). First Step Act (2018), Pub. L. No. 115-391, § 3632(d)(4)(D)(xxii), 132 Stat. 5194, 5199; see Ingram v. United States, 932 F.3d 1084, 1089 (8th Cir. 2019) (distinguishing between new facts and interpretations of law, concluding that the latter do not give rise to § 2255(f)(4) tolling); United States v. Harrison, 680 F. App'x 678, 680 (10th Cir. 2017) (unpublished) ("A change or clarification of controlling law is not a 'fact' within the meaning of § 2255(f)(4)."). Even if Ms. Setiyaningsih was unaware of the effect of her guilty plea on

her eligibility for FSA credits, a lack of knowledge does not equate to an inability to discover existing law.

To the extent Ms. Setiyaningsih argues that the district court's ruling would require inmates to second guess their attorneys' advice, thus flooding courts with § 2255 motions, no reasonable jurist would be persuaded that such a result is pre-ordained and would prevent inquiry by an inmate. Likewise, the district court's rejection of equitable tolling, which requires a movant to show extraordinary circumstances and diligence, is not reasonably debatable and waiting years after the fact to inquire about FSA credits is not diligence. See Lawrence v. Florida, 549 U.S. 327, 336 (2007). This court has consistently held that newly acquired knowledge of the law does not constitute the type of extraordinary circumstance warranting equitable tolling. See, e.g., Collins, 364 F. App'x at 498; Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4